be sustained because before suit was brought, according to the record, the certificate was past due and suit at law was brought thereon. Any assignment under our statute of this instrument would be notice to the assignee of the equities and defenses, especially would this be true after the bringing of suit at law.

This is a case, from the record, of considerable importance to the parties hereto, and we have examined carefully the record filed to determine whether or not their rights would be in any way affected or abridged by dissolution of this injction, and after such an examination we fail to find from the averments of the bill of facts any defense proper in this case that could not be made at law. It was therefore error for the court in this case to grant the preliminary injunction from the showing made in the bill, and the injunction should have been refused and the bill dismissed without prejudice, for which error this case will be reversed and remanded.

*Reversed and remanded.*

---

### J. W. Gullett, Appellee, v. Illinois Central Railroad Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Pope county; the Hon. WILLIAM N. BUTLER Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

#### Statement of the Case.

Action by J. W. Gullett against the Illinois Central Railroad Company to recover damages to a peanut roaster in the course of shipment. The roaster was

delivered to the Baltimore and Ohio Southwestern Railroad and transferred in the regular course of shipment to defendant's railroad. The suit was first commenced before a justice of the peace and on appeal to the Circuit Court the plaintiff recovered a verdict and judgment for thirty dollars. To reverse the judgment, defendant appeals.

CHARLES DURFEE and W. W. BARR, for appellant; BLEWETT LEE and W. S. HORTON, of counsel.

W. S. MORSE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 135*—*when recovery for damages to shipment sustained by the evidence.* In an action against a railroad company which was a connecting carrier to recover damages claimed to have been occasioned to a peanut roaster in the course of its shipment, a verdict for plaintiff *held* sustained by the evidence, the questions of facts presented being whether the roaster was in good condition when received by the initial carrier, whether it was crated for shipment and whether it was shipped at owner's risk.

2. INSTRUCTIONS, § 107 *—*right to instruction on theory of case.* A party has the right to have the jury instructed upon the law bearing upon his theory of the case when there is proof to support it.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.